IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RYAN SHEVIN SMITH, | * | |
| *Petitioner*, | * | |
| v. | * | Criminal Action No. RDB-18-271 |
| | | Civil Action No. RDB-23-2567 |
| UNITED STATES OF AMERICA, | * | |
| *Respondent*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On March 4, 2019, Ryan Shevin Smith pled guilty to the first two counts of the Superseding Indictment: conspiracy and interference with interstate commerce by robbery under the Hobbs Act. (ECF No. 74.) However, he proceeded to trial with respect to the third count of the Indictment, charging him with brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF No. 87.) On March 14, 2019, a jury found him guilty on that third charge. On July 31, 2019, this Court sentenced Smith to a total of 141 months imprisonment: 57 months to run concurrently for Counts I and II, and 84 months run to consecutively for Count III. (ECF No. 112.) Smith appealed the judgement. (ECF No. 115.) On October 23, 2020, the United States Court of Appeals for the Fourth Circuit affirmed the judgment (ECF No. 142) and then issued its mandate on November 16, 2020. (ECF No. 143.)

Smith filed two motions *pro se* which were incorrectly labeled "Motion Requesting Relief Pursuant to § 3582(c)(2) [sic] Reduction in Sentence." (ECF Nos. 152, 156.). The first motion—filed March 10, 2023—is being treated as a motion for compassionate release, and

1

the second—filed September 13, 2023—has been labeled a motion to vacate. In brief, these motions allege that *United States v. Taylor*, 142 S. Ct. 2015 (2022) invalidated Smith's Count III conviction under 18 U.S.C. § 924(c). (ECF Nos. 152, 156.) Then, Smith filed a motion to correct the labeling of ECF No. 152. (ECF No. 157.) On November 14, 2023, the Government responded to the motion to vacate. (ECF No. 160.) Finally, on December 29, 2023, Smith entered a motion for an extension of time to reply to the Government. (ECF No. 161.)

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, Petitioner's Motion for Compassionate Release (ECF No. 152) is **DENIED**; the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 156) is **DENIED**; the Motion for Judicial Notice to Correct ECF No. 152 (ECF No. 157) is **DENIED AS MOOT**; the Motion for Extension of Time (ECF No. 161) is **DENIED AS MOOT**.

## BACKGROUND

On May 3, 2018, a federal grand jury indicted Smith and his co-defendants, Orneth South and Michael Watts, for an armed robbery committed on January 22, 2018. (ECF No. 12.)[1] The three co-defendants stole $1,324,288 from a Loomis armored car. (*Id.*) Smith and his co-defendants were charged with conspiracy (Count I), interference with interstate commerce by robbery under the Hobbs Act (Count II), and brandishing a firearm during and

---

[1] On May 31, 2018, a Superseding Indictment was issued. However, the only change from the original indictment was naming Michael Watts, who was previously unknown. (ECF No. 25.)

in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count III). (*Id.*) Counts I and II included Aiding and Abetting violations of 18 U.S.C. § 2. (*Id.*) On March 4, 2019, Smith pled guilty to Counts I and II of the Superseding Indictment and not guilty to Count III. (ECF No. 74.) A jury trial began for Count III and returned a guilty verdict a few days later on March 14, 2019. (ECF No. 87.)

Smith's adjusted offense level was 25 after accounting for his acceptance of responsibility, and he had a criminal history category of I. (ECF No. 99 ¶¶ 14–28, ¶ 40.) Smith had a guideline range of 57–71 months imprisonment for Counts I and II. (*Id.* at ¶ 29.) A 7-year (84-month) requirement for Count III was to run consecutively to the other counts. (*Id.* at ¶ 17.) On July 31, 2019, this Court sentenced Smith to 57 months imprisonment for Counts I and II, to run concurrently, and 84 months for Count III, to run consecutively. (ECF No. 112.) The sentence totaled 141 months imprisonment to be followed by three years of supervised release. (ECF No. 112.) On August 2, 2019, Smith filed a notice of appeal. (ECF No. 115.) On October 23, 2020, the Fourt Circuit affirmed the judgement of this Court (ECF No. 142), and the Fourth Circuit's mandate issued on November 16, 2020. (ECF No. 143.)

Smith has filed two motions *pro se* labeled "Motion Requesting Relief Pursuant to § 3582(c)(2) [sic] Reduction in Sentence." (ECF Nos. 152,156.) The first motion, sent March 3, 2023 (ECF No. 152-1.), has been generously labeled a motion for compassionate release. The second motion, sent July 17, 2023 (ECF No. 156-1.), is being treated as a motion to vacate under 28 U.S.C. § 2255. The Defendant contends in both motions that the holding in *United States v. Taylor*, 142 S. Ct. 2015 (2022) makes Smith's 924(c) conviction unlawful and thus requires that his conviction be vacated. (ECF No. 152 at 4.) As the Government correctly

notes in its response (ECF No. 160), Smith misconstrues the holding in *Taylor*. Moreover, he filed his motions after the statute of limitations passed. (*Id.* at 3.) Smith also filed a motion for the Court to label ECF No. 152 as a § 3582(c)(2) motion for reduction of sentence rather than a compassionate release motion. (ECF No. 157.) Finally, on December 29, 2023, Smith filed a motion for an extension of time to reply to the Government because Smith had recently transferred to a new, lower-security prison where he had not yet received his property and legal materials. (ECF No. 161.)

## STANDARD OF REVIEW

As Smith has filed his Motion *pro se*, his Motion will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## ANALYSIS

### I. Motion for Compassionate Release

#### A. Administrative Exhaustion Requirements

Smith has not met the preconditions to filing his Motion for Compassionate Release because he does not attest that he submitted a request for release to the warden of his facility. (ECF No. 152.) However, the government has not invoked exhaustion. (ECF No. 160.). Because *pro se* motions should be afforded a liberal construction, the exhaustion requirement is deemed waived. *Erickson*, 551 U.S. at 94 (citation omitted).

#### B. Extraordinary and Compelling Circumstances

Smith has not sufficiently established extraordinary and compelling circumstances to warrant a sentence reduction. The United States Sentencing Commission is charged with

defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t).

While the district court holds broad discretion in analyzing extraordinary and compelling reasons, it must remain consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021); *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)). As the Fourth Circuit noted, there had previously been "no applicable policy statements to reference;" however, that changed on November 1, 2023. *See United States v. Davis*, No. 21-7325, 2024 U.S. App. LEXIS 9399, 2024 WL 1662931, at *3 (4th Cir. Apr. 18, 2024); *United States v. Robinson*, No. ELH-18-17, 2024 U.S. Dist. LEXIS 81817 at *13 (D. Md. May 6, 2024).

Prior to the November 1, 2023, amendment, the relevant policy statement codified in U.S.S.G § 1B1.13 read: "Upon motion of the *Director of the Bureau of Prisons* under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment." U.S.S.G. § 1B1.13 (2021) (emphasis added). The Fourth Circuit interpreted this language to not include defendant-filed motions. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) ("When a defendant exercises his . . . right to move for compassionate release on his own behalf, § 1B1.13 does not apply, and thus § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of the district courts."). Thus, district courts could "consider any extraordinary and compelling reason for release." *Id.* at 284 (citation omitted).

Congress amended this policy statement to read: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment." U.S.S.G. § 1B1.13 (2023) (emphasis added). Therefore, the current

5

policy statement, which became effective November 1, 2023, applies to defendant-filed motions. *Robinson*, 2024 U.S. Dist. LEXIS 81817, at *14; *Davis*, 2024 U.S. App. LEXIS 9399, at *4; *Taylor*, 2023 U.S. Dist. LEXIS 222428, at *9–10. The updated language of § 1B1.13 conflicts with *McCoy's* conclusion—which was based on the pre-amendment language—that the policy statement does not apply. *Robinson*, 2024 U.S. Dist. LEXIS 81817 at *14–15. The amended version of § 1B1.13 consequently does restrict district courts to follow its policy statement. *Id.*

U.S.S.G. § 1B1.13(b)(1)–(6) identifies six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

> (1) a serious medical circumstance of the defendant;
> (2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
> (3) the death or incapacitation of an immediate family member;
> (4) the defendant being a victim of abuse while in custody;
> (5) other reasons of similar gravity as (1)–(4); and
> (6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6). Previously, the Supreme Court required that district courts consider any non-frivolous argument for sentencing reduction based upon intervening changes in the law. *United States v. Concepcion*, 142 S. Ct. 2389, 2404 (2022). However, the newly relevant § 1B1.13(c) clarifies that a change in the law does not constitute an extraordinary and compelling reason except as defined in § 1B1.13(b)(6). U.S.S.G. §1B1.13(c); *Taylor*, 2023 U.S. Dist. LEXIS 222428, at *12. Furthermore, rehabilitation alone may not serve as an extraordinary and compelling reason, but a court may consider rehabilitation in combination with other circumstances. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t).

In this case, the Defendant's only potential claim for an extraordinary and compelling condition is the supposed change in law in *Taylor*. However, even if Smith's legal contention were correct, he would not have an extraordinary and compelling reason because he has yet to serve ten years in prison, as required as U.S.S.G. § 1B1.13(b)(6). Therefore, Smith does not have an extraordinary and compelling reason under the newly applicable policy statement.

The only potential remaining relevant section is § 1B1.13(b)(5), which gives courts discretion to find extraordinary circumstances of similar gravity to those listed in § 1B1.13(b)(1)–(4). However, these four sections all reference some physical harm to a defendant or his family. Smith has made no such contention here. Accordingly, Smith has not alleged an extraordinary and compelling circumstance.

### C. 3553(a) Factors

In *McCoy*, the Fourth Circuit made clear that "not all defendants convicted under § 924(c) should receive new sentences," and that "courts should be empowered to relieve some defendants of those sentences on a case-by-case basis." 981 F.3d at 286–87. Accordingly, a court must conduct an "individualized assessment" under § 3553(a) to determine a defendant's eligibility for a reduction. *McCoy*, 981 F.3d at 286. These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *Bryant*, 2020 WL 2085471 at *4.

Here, Smith engaged in the serious crime of robbery with an armed weapon. (ECF 74.) The seriousness of his crimes is adequately reflected in his sentence of 141 months of imprisonment. (ECF No. 112.) Smith's sentence fell on the lowest end of the Guideline range of 57–71 months for Counts I and II and a required 84 months for Count III. (ECF No. 99.) His sentence remains further supported by the need to promote respect for the law, deter crime, and protect the public. Smith does not contend any significant change his personal characteristics, any need for rehabilitative services, nor any unwarranted sentencing disparity among similarly situated defendants. Thus, no 3553(a) factor supports granting Smith's Motion for Compassionate Release.

## II.     Motion to Vacate under 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). The relevant section of 28 U.S.C. § 2255(f) sets a one-year limitation on claims that runs from the latest of the date when the conviction becomes final or the date when the right asserted by the defendant was recognized by the Supreme Court. 28 U.S.C. § 2255(f)(1), (3).

8

A. Smith's Claims Are Procedurally Barred

It is well settled that a § 2255 motion is not a vehicle to circumvent a proper ruling on appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). And a defendant will not "be allowed to recast, under the guise of collateral attack, questions fully considered by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (citing *Herman v. United States*, 227 F.2d 332 (4th Cir. 1955)).

Additionally, if a defendant waives an issue by failing to raise it on direct appeal and then later attempts to raise it as a collateral attack, that motion is procedurally barred. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). An exception to this rule applies where a petitioner demonstrates both "cause" and "actual prejudice," *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 443 U.S. 72, 87 (1977), or where a petitioner can demonstrate that he is "actually innocent." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see also Dretke v. Haley*, 541 U.S. 386, 393, (2004); *Reed v. Farley*, 512 U.S. 339, (1994); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Also, "questions of sufficiency of evidence are not reviewable in a § 2255 proceeding." *Epps v. United States*, 728 F. Supp. 1236, 1239 (D. Md.), *aff'd*, 911 F.2d 721 (4th Cir. 1990).

Here, Smith filed his motion after the one-year period of limitation. A conviction becomes final "by the conclusion of direct review or expiration of the time for seeking such review." *See Clay v. United States*, 537 U.S. 522, 532 (2003). Thus, Smith's conviction became final on February 16, 2021, which was 90 days after the Fourth Circuit's mandate, because Smith never petitioned the Supreme Court for certiorari. The limitations period ended

9

February 16, 2022, pursuant to 28 U.S.C. § 2255(f)(1). Smith waited to mail his motion to vacate until July 20, 2023, well over a year after the statute of limitations had run.

Furthermore, there is no foundation to toll the period of limitations. A Court may equitably toll the limitations set in § 2255(f)(1) if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Presently, Smith has not presented evidence of either his diligent pursuit of his rights or any extraordinary circumstance that prevented him from filing a timely motion. Thus, there is no basis to toll the period of limitations, and Smith filed his motion over a year after the limitations period had run. Thus, his motion to vacate is untimely pursuant to § 2255(f)(1).

### B.  Smith's Claims Also Fail on the Merits

Even if Smith's motion to vacate were timely, it is without merit. Smith mainly contends that the Supreme Court's in *United States v. Taylor*, 142 S. Ct. 2015 (2022), invalidates his conviction under 18 U.S.C. § 924(c). (ECF No. 152.) However, this interpretation misses a key distinction between an attempted Hobbs Act robbery and a completed Hobbs Act robbery.

18 U.S.C. § 924(c)(3) defines a "crime of violence." However, § 924(c)(3)(B) has been deemed unconstitutionally vague, leaving only the so-called "elements clause" to define a crime of violence. *Gomez v. United States*, No. 3:20-CV-2142-N-BH, 2023 U.S. Dist. LEXIS 111492, at *25 (N.D. Tex. May 26, 2023). The elements clause, 18 U.S.C. § 924(c)(3)(A), requires that a crime of violence "has as an element the use, attempted use, or threatened use

of physical force against the person or property of another." *Taylor* holds that an *attempted* Hobbs Act robbery does not satisfy the elements clause. *Taylor*, 142 S. Ct. at 2021 ("[A]ttempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause."). Yet, this holding did not affect a *completed* robbery under the Hobbs Act because the elements of a completed robbery require the actual or threatened use of physical force. *Id* at 2020 (holding that a completed robbery under the Hobbs Act requires "the unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force."); *see also United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) ("Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)); *United States v. McCoy*, 58 F.4th 72, 74–75 (2d Cir. 2023) (concluding after *Taylor* that a Hobbs Act robbery is a crime of violence under Section 924(c)).

Here, Smith pled guilty to Hobbs Act Robbery in Count II, which served as the predicate for his conviction under 18 U.S.C. § 924(c)(1)(A)(iii). Because Smith pled guilty to a *completed* Hobbs Act Robbery, *Taylor* holds no relevance over the case. The Supreme Court did not recognize a new right asserted by the petitioner, so 28 U.S.C. § 2255(f)(3) does not apply for statute of limitations purposes.

## CONCLUSION

For the foregoing reasons, the Petitioner's Motion for Compassionate Release (ECF No. 152) is **DENIED**; the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 156) is **DENIED**; the Motion for Judicial Notice to Correct ECF No. 152 (ECF No. 157) is **DENIED AS MOOT**; and the Motion for Extension of Time (ECF No. 161) is **DENIED AS MOOT**.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant. *See Jackson v. United States*, No. PJM-12-421, 2012 WL 869080, at *1 (D. Md. Mar. 13, 2012). "A Certificate of Appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, the petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463, U.S. 880, 893 n.4 (1983)).

Smith has not made a substantial showing of the denial of a constitutional right. Even if this Court's determination that Petitioner's *Taylor* claim is procedurally barred were debatable, Smith's § 924(c) charge was predicated on a completed Hobbs Act robbery rather than an attempted one. He has not made a substantial showing that his constitutional right was abrogated because a completed Hobbs Act robbery constitutes a crime of violence under § 924(c). *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022); *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019); *McCoy*, 58 F.4th at 74–75. Smith's *Taylor* argument thus is not "sufficiently adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 335–36. Because Smith's motion provides no basis for issuance of a Certificate of Appealability, a Certificate of Appealability with respect to his motion to vacate under 28

12

U.S.C. § 2255 is DENIED.[2]

      A separate Order follows.

Dated: June 11, 2024

                                        /s/
                                        Richard D. Bennett
                                        United States Senior District Judge

---

[2] The denial of the Certificate of Appealability is only with respect to the Motion to Vacate under 28 U.S.C. § 2255. The Defendant maintains a right to appeal this Court's denial of his Motion for Compassionate Release.